Hand-Delivered

FILED
CHARLOTTE, NC

APR 25 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
For the
Western District of North Carolina

Shequila, Wagner

Plaintiff (s)

vs.

Global Lending Services LLC

Defendant (s)
_____/

**Jury Trial Demanded**

Case No. 3:25-cv-277-MOC

# COMPLAINT AND DEMAND FOR JURY

## INTRODUCTION

1. This lawsuit is filed by Shequila Wagner (referred to as "Plaintiff"), an individual consumer, against Global Lending Services LLC ("Defendant") for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Plaintiff seeks legal relief for inaccurate, misleading, false, and erroneous credit reporting, which constitutes a violation of the FCRA. Through this civil action, Plaintiff aims to hold Defendant accountable for unlawful credit reporting practices and to seek actual, punitive, and statutory damages.

2. Congress has recognized that the integrity of the banking system relies on fair and accurate credit reporting. When credit reports contain inaccuracies, they undermine public confidence and reduce the efficiency of the financial system. Unfair credit reporting practices can erode trust in financial institutions, which is crucial for the stability of the banking industry. To address these concerns, Congress enacted the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., with the goal of ensuring accurate and fair credit reporting, improving the efficiency of financial operations, and safeguarding consumer privacy.

3. The FCRA establishes a structured set of safeguards designed to protect consumers from the potential harm caused by inaccurate credit reporting. By implementing these protections, the

FCRA minimizes the risks associated with false or misleading credit information. Congress, through the FCRA, sought to balance the financial industry's need for reliable credit data with consumers' rights to accurate and fair reporting.

## JURISDICTION AND VENUE

4. The court has jurisdiction under 15 U.S.C § 1681p and 28 U.S.C§ 1331. The venue in this District is proper as Defendant transacts business in North Carolina, and Plaintiff lives in the Western District of North Carolina.

## PARTIES

5. Plaintiff is a natural person residing in the Western District of North Carolina. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

6. The defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

7. Upon information and belief, the Defendant's principal place of business is 1200 Brookfield Blvd, Suite 300, Greenville, South Carolina 29607

## FACTS OF THE COMPLAINT

8. On or around June 25, 2019, Plaintiff incurred a financial obligation for an alleged credit card with Defendant in the amount of $16,191 from a transaction in which money, property, insurance, or service, which are the subject of the transaction, are primarily for personal, family, and household purposes.

9. On or around March 21, 2025, Plaintiff submitted a dispute letter to TransUnion due to the inaccurate information and payment history furnished by Defendant.

10. Defendant inaccurately reported Plaintiff's account as 30 days late for multiple consecutive months, which is facially misleading and materially inaccurate under the Fair Credit Reporting Act. Credit reporting that reflects the same delinquency status over an extended period, without any indication of progression in delinquency or a payment that cured the default, misrepresents the actual status of the account, and fails to provide a complete and truthful credit history. **(See Exhibit A)**

11. Despite this, Defendant reported the account as 30 days late for several consecutive months, including but not limited to November 2019 through January 2020; December 2020 through February 2021; June 2021 through September 2021; December 2023 through February 2024; and October 2024 through February 2025. This inaccurate pattern of reporting falsely suggests that Plaintiff's account remained 30 days late each month during these periods without progressing to a more severe delinquency status or being brought current, thereby violating Defendant's duties under 15 U.S.C. § 1681s-2(b). **(See Exhibit A)**

12. Reporting an account as 30 days late for multiple consecutive months without any indication of further delinquency or payment activity is factually inaccurate and materially misleading under the Fair Credit Reporting Act. Such reporting fails to reflect the true payment history and status of the account and constitutes the furnishing of incomplete or distorted information in violation of 15 U.S.C. § 1681s-2(b).

13. This repetitive 30-day delinquency reporting is not only factually implausible, but it also violates furnisher accuracy obligations under the FCRA. If an account remains delinquent without a payment being made, the delinquency status must progress beyond 30 days. Reporting 30-day lateness over extended periods misrepresents the true state of the account and creates a materially misleading credit profile.

14. Defendant also failed to include a required dispute notation on the account when reporting to TransUnion, despite being made aware that Plaintiff had formally disputed the accuracy of the account. Pursuant to 15 U.S.C. § 1681s-2(b), furnishers must report accounts as disputed once they receive notice of a dispute from a consumer reporting agency, regardless of whether the dispute is resolved or unresolved. The defendant's omission of this notation renders the tradeline misleading and violates its statutory duty to report information with completeness and accuracy.

15. Upon information and belief, TransUnion promptly forwarded the notice of dispute and all relevant information to Defendant within five business days of receiving the FCRA dispute letter, fully complying with the requirements set forth by the FCRA.

16. On or about April 2, 2025, Plaintiff received the dispute results from TransUnion, which evidently verified that Defendant verified inaccurate and incomplete information. **(See Exhibit A)**

17. After the thirty (30) day investigation period mandated by the FCRA, Defendant did not take the necessary actions to modify, delete, or permanently block the inaccurate and incomplete account information as commanded by the FCRA. As a result, the account was and remains inaccurate and incomplete. **( See Exhibits A )**

18. Upon information and belief, Defendant either neglected to conduct any investigation whatsoever or carried out a thoroughly inadequate investigation, improperly verifying the inaccurate account as if it were true.

19. Defendant undoubtedly neglected to review all relevant information provided by Plaintiff in Plaintiff's disputes, constituting a direct violation of 15 U.S.C. § 1681s-2(b). This failure to comply with legal obligations not only undermines the dispute resolution process but also unjustly disadvantages the Plaintiff.

20. Upon receiving the Plaintiff's disputes, Defendant unequivocally neglected to carry out the necessary investigation or reinvestigation of the disputed information as commanded by 15 U.S.C. § 1681s-2(b). This failure clearly constitutes a violation of the legal obligations designed to protect consumers and ensure accurate reporting.

21. Had Defendant conducted a thorough and reasonable investigation upon receiving Plaintiff's dispute, the account would have been promptly modified and corrected to accurately reflect the correct monthly balances as shown on billing statements, the payments made by Plaintiff each month, the actual amounts past due, and the accurate payment history without falsely reporting consecutive 30-day late payments. Defendant's failure to perform a good faith investigation resulted in the continued reporting of materially false, misleading, and incomplete information in violation of its duties under 15 U.S.C. § 1681s-2(b).

22. The Defendant's failure to conduct a reasonable investigation has directly resulted in their refusal to correct and update Plaintiff's information as mandated by 15 U.S.C. § 1681s-2(b). This blatant disobedience is causing the continued reporting of inaccurate information, which is a clear violation of 15 U.S.C. § 1681s-2(b)

23. Defendant's failure to mark the account as disputed constitutes a material misrepresentation in violation of 15 U.S.C. § 1681s-2(b). This omission, combined with Defendant's continued reporting of inaccurate, misleading, and derogatory information, was done with full knowledge and intent, demonstrating a willful disregard for the truth. As a result, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1681n.

## **PLAINTIFF'S DAMAGES**

24. Defendant continued inaccurate, misleading, and derogatory reporting; Plaintiff has suffered actual damages, including, without limitation, fear of credit denials, out-of-pocket expenses in

challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, emotional distress, and time wasted.

25. As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to, a decreased credit score; decreased creditworthiness and credit capacity; wrongly inflated liabilities; emotional, mental pain due to the anxiety, time wasted, and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to TransUnion.

## COUNT I
## Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

26. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein.

27. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

28. Defendant has a duty to provide accurate information to consumer reporting agencies and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. See 15 U.S.C. § 1681s-2(a).

29. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from TransUnion.

30. The Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to mark the account as "disputed by consumer" if the dispute remains unresolved.

31. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32. On each occasion referenced in the above statement of facts where a dispute was sent to TransUnion, upon information and belief, TransUnion provided Defendant the notice of dispute and all relevant information regarding the dispute(s).

33. Upon information and belief, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably, and in good faith investigate Plaintiff's dispute(s).

34. The defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher provided the inaccurate information.

35. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

36. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to fully, properly, and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

37. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account, as provided.

38. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to TransUnion.

39. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

40. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate and incomplete information in Plaintiff's file to TransUnion.

41. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully neglecting to mark the account as disputed with TransUnion. This omission constitutes a violation of the Fair Credit Reporting Act's mandate to report information that is not only factually accurate but also complete and non-misleading.

42. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

43. Alternatively, Defendant exhibited reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit report.

44. Defendant violated 15 U.S.C § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account, as provided.

45. Defendant violated 15 U.S.C § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies. Further, Plaintiff suffered actual damages, further described in the above statement of facts.

46. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Alternatively, Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681s-2(6) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, and costs in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o.

## JURY DEMAND

49. Pursuant to Federal Rule of Civil Procedure 38, the Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and 15 U.S.C § 1681o.;

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) 15 U.S.C § 1681o.;

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- Any other relief that this Court deems just and proper.

Dated April 25, 2025.

Respectfully submitted,

/s/ Shequila, Wagner
704 Pawley Dr
Charlotte, NC 28214
(516) 858-9099
Email: Shequila8@gmail.com